STRAFFORD COUNTY *v.* SOMERSWORTH.

Towns and cities are chargeable for the support of prisoners committed to jail for violations of the police law, and of·city ordinances passed by virtue of the powers ordinarily vested in police officers.

ASSUMPSIT, to recover $442.75, being the amount paid by the county to the keeper of the jail, for board, medical attendance, clothing, and other prison charges, of certain persons committed to the jail in said county, during the years 1856–7–8, by different justices of the peace in said Somersworth, on convictions for violations of chapter 113 of the Revised Statutes. Five of said persons were sentenced to thirty days' imprisonment in the county jail, and were discharged by the jailor at the expiration of said term. Sixteen were committed for non-payment of fines and costs, imposed by said justices, and were discharged by order of the court; $64.34 of said sum was for residents of Dover, in said county, who were arrested and tried at said Somersworth for offences committed there; $228.64 was for persons who had no legal settlement in this State, and for whose support the county would be chargeable, in case they were relieved as paupers by the town; $42.25 was for medical attendance and clothing furnished prisoners, for whose relief the county would be chargeable as aforesaid.

*Wells* and *Eastman,* for the defendants.

*Hamlin,* Solicitor, for the plaintiffs.

BELL, J. The questions raised in this case were considered by the Superior Court in the case of *Merrimack* v. *Concord,* 30 N. H. (10 Fost.) 299. No considerations are now presented which were not brought to the notice of the court by the counsel in that case. It was then held that the

expense of maintaining prisoners in jail was to be paid in the first instance by the county, which might then recover of towns and cities by law liable, the amount which they ought to pay; that towns and cities are chargeable for the support of prisoners committed for violations of the police law, chapters 113 and 114 of the Revised Statutes, and of such city ordinances as are passed by virtue of the powers ordinarily vested in police officers; and that they are not liable for the support of prisoners under the 116th chapter, relating to idle and disorderly persons. The argument drawn from some expressions of chapter 114 was not overlooked, but was believed to be greatly outweighed by the entire policy of the system of police.

The particular circumstances stated in regard to the prisoners for whose support the claim is made—as that some were discharged by the jailor at the expiration of their sentences, and others by order of the court; that some were residents of Dover, and some were paupers chargeable to the county—are regarded as immaterial to the decision of the case.

As the case must be governed by the decision in *Merrimack* v. *Concord*, there must be

*Judgment for the plaintiff.*